# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-65CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-65CB,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHERN TERRACE HOMEOWNERS ASSOCIATION; 9783 COLORED WIND TRUST; RED ROCK FINANCIAL SERVICES, LLC; ROSALINDA RAMOS; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>    Defendants. | Case No. 2:17-cv-00984- KJD-GWF<br><br>**ORDER** |

Presently before the Court is Defendant Red Rock Financial Services, LLC's Motion to Dismiss the Second and Fifth Causes of Action (#13). Plaintiff filed a response in opposition (#16) to which Defendant replied (#17).

**I. Background**

On or about September 22, 2005, Defendant Rosalinda Ramos ("Ramos") obtained a $231,100.00 loan to purchase property located at 9783 Colored Wind, Las Vegas, Nevada ("the

property"). The property was secured by a deed of trust that was assigned to Bank of New York Mellon ("Plaintiff" or "BoNYM").

Ramos failed to pay assessed amounts due to Defendant Southern Terrace Homeowners Association ("STHOA"). On December 6, 2010, STHOA, through its agent, Defendant Red Rock Financial Services, LLC ("Red Rock"), recorded a notice of delinquent assessment lien in the amount of $1,529.92. STHOA later recorded a notice of default and election to sell on January 18, 2011 in the amount of $1,964.26. A notice of trustee's sale in the amount of $3,178.11 was recorded on June 9, 2013 and indicated that the sale was scheduled for May 31, 2013.

On or about March 4, 2011, after the notice of default, Miles Bauer Bergstrom & Winters ("Miles Bauer") remitted payment to STHOA through Red Rock to satisfy the super-priority amount. Miles Bauer requested a ledger from STHOA identifying the super-priority amount. STHOA provided a ledger dated February 14, 2011 but refused to identify the super-priority amount. Miles Bauer allegedly calculated the super-priority amount to $630.00 and tendered that amount to STHOA.

On May 31, 2013, STHOA foreclosed on the property and a foreclosure deed was recorded on June 3, 2013. Plaintiff filed the present complaint on April 5, 2017. Defendant Red Rock has now moved to dismiss the Second Cause of Action and the Fifth Cause of Action based on the running of the statute of limitations.

**II. Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation omitted).

2

"Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. Twombly, 550 U.S. at 570.

**III. Analysis**

A. Statute of Limitations

"In determining whether a statute of limitations has run against an action, the time must be computed from the day the cause of action accrued. A cause of action 'accrues' when a suit may be maintained thereon." Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997) (internal citation omitted). "If the facts giving rise to the cause of action are matters of public record then '[t]he public record gave notice sufficient to start the statute of limitation running.'" Job's Peak Ranch Cmty. Ass'n, Inc. v. Douglas Cty., No. 55572, 2015 WL 5056232, at *3 (Nev. Aug. 25, 2015) (quoting Cumming v. San Bernardino Redev. Agency, 101 Cal. App. 4th 1229, 125 Cal. Rptr. 2d 42, 46 (Cal. Ct. App. 2002)).

1   The District of Nevada has held that a plaintiff can maintain an action at the time of an HOA
2   foreclosure sale, and the statute of limitations on its claim begins to run on that date. E.g., U.S. Bank
3   Nat'l. Ass'n v. Woodland Village, No. 3:16-cv-00501-RCJ-WGC, 2016 WL 7116016, at *3 (D. Nev.
4   Dec. 6, 2016) ("Plaintiff's interest in the Property was called into question at the time of the
5   foreclosure sale due to NRS 116.3116(2), which gives priority to that portion of an HOA lien
6   consisting solely of unpaid HOA assessments accrued during the 'nine months immediately
7   preceding institution of an action to enforce the lien.'"); see also, Nationstar Mortg. LLC v. Amber
8   Hill II homeowners Ass'n, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *5 (D. Nev. Mar.
9   31, 2016) (the court looked to the date of the foreclosure sale to determine whether the statute of
10  limitations had run).

11   Here, the HOA foreclosure took place on May 31, 2013, and a foreclosure deed was recorded
12  on June 3, 2013. There are no other allegations pled in the complaint beyond those dates against Red
13  Rock. Therefore, the statute of limitations began to run, at the latest, on June 3, 2013, when the deed
14  was recorded.

15   i. Claim for violation of N.R.S. § 116.1113 (Second Cause of Action)

16   Plaintiff alleges violations of Nevada Revised Statute § 116.1113, which states that "[e]very
17  contract or duty governed by this chapter imposes an obligation of good faith in its performance or
18  enforcement." This claim is based "upon a liability created by statute," N.R.S. § 11.190(3)(a). Thus,
19  the three-year statute of limitations applies. See, e.g., Bank of N.Y. Mellon Trust Co., N.A. v. Jentz,
20  No. 2:15-cv-01167-RCJ-CWH, 2016 WL 4487841, at *3 (D. Nev. Aug. 24, 2016); Amber Hills II
21  Homeowners Ass'n, 2016 WL 1298108, at *5; HSBC Bank USA v. Park Ave. Homeowners' Ass'n,
22  No. 2:16-cv-460-JCM-NJK, 2016 WL5842845, at *3 (D. Nev. Oct, 3, 2016).

23   Plaintiff filed this action more than three years after the recordation of the foreclosure deed.
24  Therefore, Plaintiff's claim for violation of § 116.1113 is time-barred, and is dismissed with
25  prejudice.

26

ii. Claim for Deceptive Trade Practices[1] (Fifth Cause of Action)

Plaintiff also alleges deceptive trade practices by Defendant within Nevada Revised Statutes Chapter 598. According to Nevada Revised Statutes § 11.190(2)(d)[2], a plaintiff has four years to commence "[a]n action against a person alleged to have committed a deceptive trade practice in violation of NRS 598.0903 to 598.0999, inclusive[.]"

Plaintiff brought this action within four years of the foreclosure sale and recordation of the foreclosure deed. Therefore, Plaintiff's claim for deceptive trade practices is timely.

B. Tolling the Statute of Limitations

Plaintiff, in its opposition, asserts that the statute of limitations should have been tolled because it could not have known of the possible extinguishment of the deed of trust until the Nevada Supreme Court held that an HOA foreclosure sale could extinguish a senior deed of trust. <u>SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.</u>, 334 P.3d 408, 419 (Nev. 2014). This argument is without merit. Plaintiff should have known that foreclosure could extinguish its deed when the statute was enacted. Plaintiff alleges that it offered to pay its interpretation of the super-priority amount to STHOA (#1 at 27). Plaintiff would not have done so without knowing that there was a risk of extinguishment. Furthermore, the Nevada Supreme Court's ruling did not cause the injury. Whether the deed of trust was extinguished or not, any injury would have occurred on the date of the sale. Therefore, the statute of limitations should not be tolled.

///
///
///
///

---

[1] The court declines to opine on the validity of the claim for deceptive trade practices. The Court only addresses whether the statute of limitations has run for the deceptive trade practices allegation.

[2] Nevada Revised Statutes § 11.190 has been updated since the time of the foreclosure sale. Therefore, this Court looks at the statute in effect on the day of the sale, which took place on May 31, 2013.

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant Red Rock's Motion to Dismiss the Second and Fifth Causes of Action (#13) is **GRANTED in part** and **DENIED in part**;

**IT IS FURTHER ORDERED** that the Second Cause of Action is **DISMISSED** against Defendant Red Rock only.

DATED this 14th day of July 2017.

_____
Kent J. Dawson
United States District Judge