UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, as Trustee for the Certificateholders of the CWALT Inc., Alternative Loan Trust 2005-65CB, Mortgage Pass-through Certificates, Series 2005-65CB,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN TERRACE HOMEOWNERS ASSOCIATION, *et al.*,<br><br>Defendants. | Case No. 2:17-cv-0984-KJD-EJY<br><br>ORDER |

Presently before the Court is Plaintiff/Counterdefendant's Renewed Motion Summary Judgment (#51). Defendant\Counterclaimant Southern Terrace Homeowners Association ("Southern Terrace") filed a response in opposition (#56) as did Defendant 9783 Colored Wind Trust ("Colored Wind") (#54) to which Plaintiff replied (#60).

Also before the Court is Defendant/Counterclaimant Southern Terrace's Motion for Summary Judgment (#49). Defendant Red Rock Financial Services, LLC ("Red Rock") filed a Joinder (#52) to Southern Terrace's motion. Bank of New York Mellon ("BONY") filed a response in opposition (#53) to which Southern Terrace replied (#57).

Finally, before the Court is Defendant Colored Wind's Motion for Summary Judgment (#50). BONY filed a response in opposition (#55) to which Colored Wind replied (#59).

I. Facts

Defendant Rosalinda Ramos ("Borrower") financed her property located at 9783 Colored Wind, Las Vegas, Nevada 89148 ("the Property") with a $231,100.00 loan secured by a deed of trust. In or about 2011, the deed of trust was assigned to Plaintiff BONY.

1    The Property is subject to and governed by the Declaration of Covenants, Conditions and
2 Restrictions and Grant of Easements ("CC&Rs") for Southern Terrace Homeowners Association.
3 Eventually, Borrower defaulted on her obligation to pay assessments of approximately $70 per
4 month under the CC&Rs to Southern Terrace. Southern Terrace, through its foreclosure agent,
5 Defendant Red Rock, recorded notice of delinquent assessment lien. Red Rock recorded notice
6 of default and election to sell on January 18, 2011. The notice stated that Borrower owed
7 $1,946.26 plus costs and fees without specifying which part was the superpriority lien.
8    On February 3, 2011, BONY's counsel, Miles Bauer Bergstrom & Winters, LLP ("Miles
9 Bauer") offered to pay the superpriority lien and asked for a total. In response, Red Rock sent a
10 response letter demanding the outstanding balance of $2,836.35. Attached was a document titled
11 "Account Detail" breaking down debits and credits to Borrower's account. The statement did not
12 indicate that they owed any maintenance or nuisance abatement charges. Based on the Account
13 Detail, BONY calculated the superpriority amount as $630.00 (nine months of assessments) and
14 tendered that amount by check to Red Rock on March 4, 2011. Red Rock rejected the tender on
15 behalf of Southern Terrace.
16    On May 9, 2013, ULS, on behalf of the HOA, recorded the Notice of Foreclosure Sale.
17 On May 31, 2013, ULS on behalf of Southern Terrace conducted a public foreclosure sale and
18 Colored Wind purchased the Property for $8,100.00. The parties now disagree as to whether
19 Southern Terrace's foreclosure extinguished BONY's lien or whether Colored Wind purchased
20 the property subject to the lien.
21 II. Standard for Summary Judgment
22    The purpose of summary judgment is to avoid unnecessary trials by disposing of
23 factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986);
24 Nw. Motorcycle Ass'n v. U.S. Dept. of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). It is available
25 only where the absence of material fact allows the Court to rule as a matter of law. Fed. R. Civ.
26 P. 56(a); Celotex, 477 U.S. at 322. Rule 56 outlines a burden shifting approach to summary
27 judgment. First, the moving party must demonstrate the absence of a genuine issue of material
28 fact. The burden then shifts to the nonmoving party to produce specific evidence of a genuine

1  factual dispute for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587
2  (1986). A genuine issue of fact exists where the evidence could allow "a reasonable jury [to]
3  return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
4  (1986). The Court views the evidence and draws all available inferences in the light most
5  favorable to the nonmoving party. Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d
6  1100, 1103 (9th Cir. 1986). Yet, to survive summary judgment, the nonmoving party must show
7  more than "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.
8  III. Analysis
9    BONY argues that its deed of trust survived Southern Terrace's nonjudicial foreclosure
10 for four discrete reasons: (1) the bank tendered the superpriority portion of the HOA lien; (2) the
11 association foreclosed under an unconstitutional version of NRS § 116 and violated due process
12 as-applied; (3) the HOA never intended to foreclose on the superpriority portion of the lien; and
13 (4) the sale was unfair and should be equitably set aside under Shadow Canyon. Because the
14 Court finds Bank of America's tender argument dispositive, it need not reach the bank's other
15 arguments. Southern Terrace and Colored Wind, on the other hand, move for summary judgment
16 on their quiet title claims. Colored Wind seeks a declaration that Southern Terrace's foreclosure
17 extinguished both BONY's and Borrower's interest in the property.
18   A. Tender
19   BONY argues that its tender of the superpriority portion of Southern Terrace's lien
20 before the association's foreclosure preserved its deed of trust from extinguishment. The bank's
21 argument hinges on the check that Miles Bauer sent Red Rock after receiving the association's
22 notice of foreclosure. In response to that notice, Miles Bauer contacted Red Rock and requested
23 the superpriority balance and offered to pay whatever that balance was. Red Rock responded
24 with an account statement that itemized all the outstanding fees on the Property's account. From
25 that statement, Miles Bauer calculated nine months of association assessments and remitted Red
26 Rock a check for that amount, $630.00. Red Rock rejected that tender. Instead, Southern Terrace
27 accepted $1,208.28 to satisfy the lien from a third party, retained the lien, used ULS to conduct
28 the foreclosure sale and the property was purchased by Colored Wind.

The Nevada Supreme Court has confirmed that a party's valid tender before foreclosure discharges an association's superpriority lien and voids the foreclosure as to the tendering party's deed of trust. Bank of America, N.A. v. SFR Invs. Pool 1, LLC, 427 P.3d 113, 121 (Nev. 2018) ("Diamond Spur"). Tender is "valid" if it is payment in full and unconditional, or with conditions that the tendering party has a right to request. Id. at 117–118. Diamond Spur presented facts nearly identical to these. There, Bank of America calculated nine months of assessments and tendered a check for that amount before foreclosure. The bank's letter[1] to the association accompanying its tender included certain conditions, including a "paid-in-full" condition, whereby the association's acceptance of tender would satisfy all of the bank's financial obligations to the association. Id. at 118. Just like this case, the association rejected the check and foreclosed. The association argued that the bank's tender was incomplete because it did not include payment for nuisance and abatement fees and that the tender was impermissibly conditional due to the paid-in-full language in the tender letter. Id. at 117–18.

The Nevada Supreme Court disagreed. It found that the bank's tender was both "in-full" and not impermissibly conditional. Payment in full, according to NRS § 116.3115, includes nine months of unpaid assessments and nuisance and abatement fees, if such fees exist. Id. at 117. Because there was no evidence that Bank of America owed nuisance and abatement fees, its tender of nine months' unpaid assessments constituted payment in full. Id. Likewise the tender was not impermissibly conditional because Bank of America had a right to insist upon the conditions it included in its tender. By tendering payment prior to the foreclosure, the bank voided the association's foreclosure as to the superpriority lien. The association, therefore, could not convey the property free from Bank of America's deed of trust, and any subsequent purchaser took its interest subject to the bank's. Id. at 121.

The facts here are extremely similar to Diamond Spur, and the result is the same. Miles Bauer tendered the entire superpriority balance one month before Southern Terrace's foreclosure. As Diamond Spur made clear, the superpriority portion only includes up to nine months'

---

[1] Miles Bauer's letter in Diamond Spur was extremely similar, if not identical, to the letter that it sent in the present action.

assessments plus nuisance or abatement charges. There is no evidence that the Borrower owed nuisance or abatement fees, so Bony's failure to tender nuisance and abatement fees does not make its tender incomplete. BONY's tender alone preserved its deed of trust. Therefore, neither Southern Terrace nor ULS could convey the property free of the bank's deed of trust. Therefore, Colored Wind took its interest subject to BONY's deed of trust.

Defendant Colored Wind argues that equity favors it when considering BONY's tender because it is a bona fide purchaser. However, where a lender has cured the superpriority default, the association has no authority to foreclose. Any resulting foreclosure is void as to the superpriority lien. Diamond Spur, 427 P.3d at 121. Therefore, whether Colored Wind was a bona fide purchaser for value is irrelevant.

In sum, BONY's deed of trust survived Southern Terrace's foreclosure sale because the bank's tender cured the superpriority lien balance before foreclosure. Therefore, Colored Wind acquired the property subject to BONY's existing deed of trust. The Court, therefore, grants Plaintiff 's motion for summary judgment and declares that its deed of trust still encumbers the property.[2]

B. Colored Wind's Counterclaims

Colored Wind filed counterclaims seeking a declaration quieting title against BONY. Having found that BONY's tender cured the superpriority lien before Southern Terrace's foreclosure sale, Colored Wind purchased the property subject to BONY's lien. Accordingly, Colored Wind's claims for relief must be dismissed with prejudice.

C. BONY's Remaining Wrongful Foreclosure and Breach of NRS § 116 Claims

After granting BONY's motion and finding that its deed of trust survived Southern Terrace's foreclosure, only BONY's claims for wrongful foreclosure and breach of NRS § 116 against Red Rock and Southern Terrace and the bank's injunction claim against Colored Wind remain. As for BONY's wrongful foreclosure and breach of NRS § 116 claims, the bank pleaded those claims in the alternative to its quiet title and declaratory relief claims. Because the Court

---

[2] Because the Court grants Plaintiff's motion for summary judgment on its claim that it validly tendered an amount to satisfy the superpriority lien and grants the motion, it is unnecessary to reach the other grounds cited in its motion for summary judgment.

- 5 -

has granted judgment on the bank's quiet title claim, it need not consider alternative claims. Accordingly, BONY's wrongful foreclosure and breach of NRS § 116 claims against Southern Terrace and Red Rock are dismissed.

Likewise, the Court dismisses BONY's injunctive relief claim against Colored Wind. Although styled as a stand-alone cause of action here, an injunction is a remedy. See Jensen v. Quality Loan Svc. Corp., 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010); In re Wal-Mart Wage and Hour Emp't Practices Litig., 490 F.Supp.2d 1091, 1130 (D. Nev. 2007). Additionally, an injunction at this point is unnecessary. The Court has already quieted title and provided the declaratory relief the bank sought. Therefore, the Court dismisses BONY's injunctive relief claim against Colored Wind.

D. Statute of Limitations

Finally, all Defendants argue that the BONY's quiet title claim is untimely because NRS § 11.190(3) imposes a three-year statute of limitations, and BONY waited nearly four years to file its complaint. Although this district is split on the applicable statute of limitations for this type of quiet title and declaratory relief claim, no court has imposed a three-year statute of limitations. The split is between a four-year and five-year statute of limitations.[3] The disagreement boils down to whether these quiet title claims are "founded upon the title to real property" under NRS § 11.070 or an attempt to recover property under NRS § 11.080. If so, the five-year limitations period applies. If §§ 11.070 & 11.080 do not apply, the Court is left with NRS § 11.220's four-year catch-all period for actions not covered by the other limitations provisions.

Both the Nevada Supreme Court and Ninth Circuit have suggested that a five-year statute

---

[3] Compare Bank of New York Mellon v. Khosh, No. 2:17-cv-0957-MMD-PAL, 2019 WL 2305146 (D. Nev. May 30, 2019) (applying five-year statute of limitations to quiet title claim under NRS § 11.070); Newlands Asset Holding Tr. v. SFR Invs. Pool 1, LLC, No 3:17-cv-0370-LRH-WGC, 2017 WL 5559956 (D. Nev. Nov. 17, 2017) (same); Nationstar Mortg., LLC v. Falls at Hidden Canyon Homeowners Ass'n, No. 2:15-cv-1287-RCJ-NJK (D. Nev. June 14, 2017) (same); HSBC Bank USA, N.A. v. Green Valley Pecos Homeowners Ass'n, Inc., No. 2:16-cv-0242-JCM-GWF, 2017 WL 937723 (D. Nev. Mar. 9, 2017) (same), with U.S. Bank v. SFR Invs. Pool 1, LLC, --- F. Supp. 3d ---, 2019 WL 1383265 (D. Nev. Mar. 27, 2019) (applying four-year catchall provision under NRS § 11.220); Nationstar Mortg., LLC v. Safari Homeowners Ass'n, No. 2:16-cv-0542-RFB-CWH, 2019 WL 121960 (D. Nev. Jan. 6, 2019) (same); Bank of America, N.A. v. Country Garden Owners Ass'n, No. 2:17-cv-1850-APG-CWH, 2018 WL 1336721 (D. Nev. Mar. 14, 2018).

1  of limitations applies. See Weeping Hollow Ave. Tr. v. Spencer, 831 F.3d 1110, 1114 (9th Cir.
2  2016) (citing NRS § 11.070) ("[u]nder Nevada law, [homeowner] could have brought claims
3  challenging the HOA foreclosure sale within five years of the sale"); Las Vegas Dev. Grp., LLC
4  v. Blaha, 416 P.3d 233, 237 (Nev. 2018) (a claim "seeking to quiet title . . . is governed by NRS
5  11.080, which provides for a five-year statute of limitations"). This Court agrees that NRS §§
6  11.070 and 11.080 impose a five-year limitations period on these claims. See Bank of New York
7  Mellon v. Green Valley South Owners Ass'n, No. 2:17-cv-2024-KJD-EJY, 2019 WL 4393356 at
8  *3–4 (D. Nev. Sep. 13, 2019). Colored Wind bought the property at the foreclosure sale on May
9  31, 2013, and BONY filed its complaint on April 5, 2017. Therefore, BONY's quiet title and
10 declaratory relief claims are timely.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff/Counterdefendant Bank of New York Mellon's Renewed Motion Summary Judgment (#51) is **GRANTED**. The Court declares that BONY's deed of trust in the property located at 9783 Colored Wind, Las Vegas, Nevada 89148 survived Southern Terrace Homeowners Association's nonjudicial foreclosure which was conducted by ULS. The Court also declares that whatever interest Defendant 9783 Colored Wind Trust acquired in the property it takes subject to Plaintiff's first deed of trust. The Court further declares that Cross-claimant 9783 Colored Wind Trust acquired title superior to Rosalind Ramos who has no right, title or interest to the property after the subject foreclosure.

IT IS FURTHER ORDERED that Defendant/Counterclaimant Southern Terrace's Motion for Summary Judgment (#49) is **DENIED**;

IT IS FURTHER ORDERED that Defendant Colored Wind's Motion for Summary Judgment (#50) is **DENIED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Plaintiff/Counterdefendant and against Defendants Southern Terrace Homeowners Association, Red Rock Financial Services, Rosalind Ramos and Defendant/Counterclaimant Defendant 9783 Colored Wind Trust;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Cross-

1  claimant 9783 Colored Wind Trust and against Defendant Rosalind Ramos;

2        IT IS FURTHER ORDERED that the Clerk of the Court close this case.

3  Dated this 5th day of March, 2020.

                                                         _____

                                                         Kent J. Dawson
                                                         United States District Judge